Richard M. Foster (SBN 93909)
richard@rmflaw.com
**LAW OFFICES OF RICHARD M. FOSTER**
5429 Cahuenga Boulevard
North Hollywood, CA 91601
Telephone:   (818) 508-1500
Facsimile:    (818) 508-1529

Attorneys for Plaintiff
Hugo Mauricio Villela

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO MAURICIO VILLELA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No.: 2:25-cv-00786-FLA-AJR<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1)　NEGLIGENCE** |

Plaintiff Hugo Mauricio Villela  ("Plaintiff") alleges causes of action against Defendant United States of America ("Defendant") as follows:

## JURISDICTION

1.　　The action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1346.

2.　　Venue in the Central District of California, Western Division, is proper under 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred within the aforementioned District.

## PARTIES

3.　　Plaintiff is an adult individual residing in Los Angeles County, California.

4.　　Defendant United States of America ("Defendant") for all purposes relevant hereto, acted by and through the United States Forest Service ("Forest Service"), an agency

**1**
**FIRST AMENDED COMPLAINT**

of the United States Department of Agriculture, a governmental entity which operates near mile marker 61 of the Angeles Crest Highway within the Central District of California.

## FACTUAL ALLEGATIONS

5. On February 9, 2023, Plaintiff and his family were driving on Angeles Crest Highway ("ACH").

6. As they were traversing the ACH, Plaintiff and his family observed numerous people engaging in activities on the mountainside, including snow tubing and sledding.

7. Plaintiff alleges upon information and belief that the location where they made this observation, and subsequently where the incident occurred, is located near mile marker 61 of the ACH (the "Premises").

8. Plaintiff and his family decided to pull over and engage in similar activities on the mountainside.

9. Plaintiff's son asked Plaintiff to join him on a snow sled down the mountainside. Plaintiff sat in the front seat of the sled, while his son sat directly behind him.

10. During the ride down, Plaintiff's sled suddenly collided with an obstacle. Plaintiff alleges upon information and belief that the obstacle was a piece of rebar sticking out of the snow.

11. The rebar tore through the sled and Plaintiff's right leg and buttocks, causing a complex laceration that involved his lower back, coccyx, right buttocks and rectum.

12. Upon hearing Plaintiff's screams, his family quickly rushed to his aid where they discovered Plaintiff covered in blood with flesh hanging from his buttocks.

13. Plaintiff was transported via helicopter to Pomona Valley Hospital.

14. As a result of the incident, Plaintiff suffered serious and life-changing injuries. Plaintiff suffered a traumatic injury to his buttock, laceration of right medial gluteus maximus and laceration of his anus.

15. Plaintiff's injuries required and continue to require extensive medical treatment.

16. Plaintiff's medical treatment has resulted in costs.

2

**FIRST AMENDED COMPLAINT**

17.    Plaintiff alleges upon information and belief that the Premises was negligently controlled, maintained, operated, managed and/or supervised by Defendants.

18.    Defendants, and each of them, had a duty to maintain the Premises in a safe condition and to disclose the hidden and dangerous condition to Plaintiff.

19.    Defendants, and each of them, failed to control, maintain, operate, manage and/or supervise the Premises in a safe condition.

20.    As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount to be determined at the time of trial, but in excess of the jurisdictional minimum of this Court.

21.    The United States government was notified, pursuant to the FTCA, of the incident when the Plaintiff submitted a government claim form on or around December 26, 2023.

22.    On May 1, 2024, the USDA requested that additional information be provided to further evaluate the claims made.

23.    On August 30, 2024, Plaintiff submitted the additional information requested. No further communications have been received from the United States Government.

**FIRST CLAIM FOR RELIEF**

**NEGLIGENCE**

24.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth herein.

25.    Defendants, and each of them, owed a duty of care to all visitors of the Premises, including Plaintiff, to control, operate, manage and maintain the Premises in a reasonably safe manner such as to avoid the creation of or prevent dangerous conditions.

26.    Defendants, and each of them, owed a duty to protect and warn all visitors of the Premises from known hazards. Defendants, and each of them, failed to warn Plaintiff of the presence of the latent, dangerous condition, and failed to make the area safe for visitors, including Plaintiff.

**3**
**FIRST AMENDED COMPLAINT**

27.    Defendants, and each of them, were aware that the Premises were frequently used by members of the public, including the Plaintiff, for winter activities and/or sledding. They recognized that these activities on the premises were common practices that had been taking place for years.

28.    The rebar rod was a trap upon the property that caused Plaintiff to experience severe personal injuries.  The road had been on the property for a sufficiently long period of time that it should have been discovered and removed or never used in this location at all based upon the activities that were allowed upon this property.

29.    Defendants owed a duty of reasonable care to Plaintiff, and violated each duty, proximately causing Plaintiff to suffer physical injury, medical costs, economic loss, and pain and suffering.

30.    Plaintiff was harmed as a result of Defendant's conduct. Plaintiff has sustained injuries in his health, strength and activity, as well as to his person, all of which have caused, and will continue to cause, Plaintiff great physical and mental pain and suffering, including, without limitation, humiliation, fear, pain, discomfort, anxiety, loss of enjoyment of life, inconvenience, mental anguish and emotional and physical distress. Plaintiff has also incurred, and will continue to incur, medical and related expenses.

31.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

32.    Defendants' conduct directly and proximately caused Plaintiff's general and special damages in excess of $10,000,000 according to proof at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**4**
**FIRST AMENDED COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For costs of suit;

4. For pre-judgment and post-judgment interest as permitted by law; and

5. For such other and further relief as the Court deems just and proper.

Dated: April 18, 2025     **LAW OFFICES OF RICHARD M. FOSTER**

By: _Richard M. Foster_
   Richard M. Foster

Attorneys for Plaintiff
Hugo Mauricio Villela

**FIRST AMENDED COMPLAINT**

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to the within cause. I am employed in Los Angeles County, California. My business address is 5429 Cahuenga Boulevard, North Hollywood, California 91601.

On the date indicated below, I served the following document(s): **FIRST AMENDED COMPLAINT** on the following person(s):

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989
    Facsimile: (213) 894-7819
E-mail: Joseph.Tursi@usdoj.gov

*Attorneys for Defendant*
*United States of America*

☐ **BY UNITED STATES MAIL.** I enclosed the foregoing document(s) in a sealed envelope, with postage thereon fully prepaid, addressed to the person(s) specified above and placed the envelope for collection and mailing following this firm's ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, on the same day correspondence is placed for collection and mailing, it is deposited with the United States Postal Service in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY.** I enclosed the foregoing document(s) in a sealed envelope or package designated by the overnight delivery carrier, with delivery fees paid or provided for, and addressed to the person(s) specified above. I deposited the envelope or package in a box or other facility regularly maintained by the overnight delivery carrier.

☒ **BY ELECTRONIC TRANSMISSION.** I transmitted the foregoing document(s) to the person(s) specified above electronically. Electronic service was made from bret@rmflaw.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 18, 2025            /S/ Bret Cook
                                Bret Cook

**6**
**FIRST AMENDED COMPLAINT**